Moss, Judge,
delivered the opinion of the court:
The plaintiff, Eobert H. Montgomery, was in 1917 and prior thereto a member of a partnership engaged in the business of accounting and auditing in the city of New York and elsewhere throughout the United States. During that year the partnership paid $5,000 into an endowment fund of the American Institute of Accountants.. In its income-tax return the partnership claimed as a proper deduction from gross income the amount so paid, which claim was disallowed by the Commissioner of Internal Eevenue. Plaintiff likewise claimed in his individual return as a proper deduction from gross income his share in the $5,00Q *591 the tax on which amounted with interest to $199.13, which wa,s also disallowed by the commissioner, and this action is for the recovery of that amount.
The question involved herein is governed by the revenue act of 1916 (39 Stat. 756), the applicable provisions of which are as follows:
“ Sec. 5. That in computing net income in the case of a citizen or resident of the United States (a) for the purpose of the tax there shall be allowed as deductions—
“First. The necessary expenses actually paid in carrying on any business or trade, * * *
‡ ‡ ‡ $
“ Ninth (as added by sec. 1201 (2) of the revenue act of 1917). Contributions or gifts actually made within the year to corporations or associations organized and operated exclusively for religious, charitable, ¡scientific, or educational purposes, * * * no part of the net income of which inures to the benefit of any private stockholder or individual to an amount not in excess of 15 per centum of the taxpayer’s taxable net income as computed without the benefit of this paragraph. Such contributions or gifts shall be allowable as deductions .only if verified under rules and regulation^ prescribed by the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury.”
Considering first the question as to whether or not the contribution to the endowment fund was a necessary expense, it should be noted that there were approximately 1,200 members of the institute, only 200 of whom subscribed to the fund, and that the benefits and advantages derived from said endowment accrued to all member^, contributors and noncontributors alike, as well ag to the general public. The library, which was purchased with the income from said fund, wTas open to the public, free of charge, and the books which were published for research work were sold to the public as well as to the members of the institute. As a matter of right, plaintiff’s firm could have availed itself of all the services of the institute without subscribing to the fund. It can not, therefore, be held that plaintiff’s subscription was a necessary expense in carrying on the business of plaintiff’s firm.
*592 On the second point the question for determination is. whether or not the American Institute of Accountants was a corporation or association organized and operated exchiswely for scientific and educational purposes. One of the purposes set forth in its article of incorporation was “ * * * to safeguard the interest of public accountants * * In furtherance of this purpose Article IY of the constitution provided for the appointment of certain committees, one of which was for Federal legislation, and another was for State legislation. The evidence shows that whenever and where-ever efforts were made to enact legislation which, in the belief of the American Institute of Accountants, would result in lowering the standard of qualification for admittance to membership in the institute every reasonable effort was made by these committees to defeat such legislation. It was also a part of the duty of said committees to procure legislation believed to be suitable for the purposes of the institute where no such legislation already existed. Conceding that this service might be regarded as entirely meritorious it is, nevertheless, a scope of activity which is clearly incompatible with the spirit and purpose of the exempting statute.
It is the opinion of the court that plaintiff is not entitled to recover.
It is therefore adjudged that the petition herein be, and the same is, dismissed.
Hat, Judge; Booth, Judge; and Campbell, Chief Justice,. concur.
GRAmam, Judge, took no part in the decision of this case.